UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. BERNS, etc.,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SENTRY SELECT INSURANCE COMPANY, ET AL.,<br><br>　　　　　　　　Defendants. | CASE NO. CV 13-01611 RZ<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

　　　　　Federal courts are courts of limited jurisdiction, and if subject matter jurisdiction does not affirmatively appear, federal courts are presumed to lack jurisdiction. *National Treasury Employees Union v. Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), *citing General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968-69 (9th Cir. 1981). Plaintiff grounds jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. In that context, Plaintiff alleges that he is "an individual residing in the State of California, County of Los Angeles." Complaint ¶ 1. However, residence is not the same as citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001); *Jeffcott v. Donovan*, 135 F.2d 213 (9th Cir. 1943). Since the allegation of residence is not sufficient to establish citizenship, the diversity of the parties does not affirmatively appear from the Complaint.

Accordingly, Plaintiff shall show cause in writing not later than March 22, 2013 why the action should not be dismissed for lack of jurisdiction. If, before March 22, 2013, Plaintiff files an amended complaint curing the jurisdictional defect, the Court will discharge the Order to Show Cause.

DATED: March 13, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE