ELDON S. EDSON (SBN 168896)
eedson@selmanbreitman.com
LAURA R. RAMOS (SBN 186326)
lramos@selmanbreitman.com
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Fl.
Los Angeles, CA 90025
Telephone: (310) 445-0800
Facsimile: (310) 473-2525

Attorneys for Defendant
SENTRY SELECT INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. BERNS, an individual residing in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>SENTRY SELECT INSURANCE COMPANY, an Illinois corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. CV 13-01611 DSF (AGRx)<br><br>Hon. Dale S. Fischer<br><br>STIPULATION RE (~~PROPOSED~~) PROTECTIVE ORDER<br><br>Complaint Served : March 20, 2013 |

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

WHEREAS Steven J. Berns ("Berns") is the plaintiff in this action relating to a policy of insurance issued by Sentry Select Insurance Company ("Sentry").

WHEREAS, Berns has sought the production of documents from Sentry in this action regarding Berns' claim and the Sentry policy, including but not limited to: documents from Sentry's underwriting files, underwriting guidelines, claims manuals, correspondence between Sentry and the California Department of Insurance, documents from Sentry's claim file, documents from the agents and/or

1

589954.1 138.32105

Selman Breitman LLP
ATTORNEYS AT LAW

1  brokers for the named insureds. And Sentry has indicated its intention to seek

2  production of documents which reflect corporate and financial information from

3  Berns and the named insureds on the Sentry policy in connection with the defense of

4  this matter. Collectively these are referred to herein as the "Documents".

5      WHEREAS, the Documents may consist of confidential and possibly

6  sensitive financial information proprietary (including trade secret) information and

7  information otherwise protected from disclosure due to its sensitive nature. Such

8  information is referred to herein as "Confidential Information."

9      WHEREAS, the Parties share concerns regarding maintaining the

10  confidentiality of the Documents, so that they are not used outside of nor disclosed

11  or revealed to persons or entities not involved in the instant litigation; and

12      WHEREAS, entry of this Protective Order will permit discovery to proceed

13  more expeditiously and with less expense;

14      WHEREAS Information and Matters Subject to this Stipulation and Order

15  shall govern all Confidential Information and all information derived there from,

16  including, but not limited to, all copies, excerpts or summaries thereof.

17      NOW, THEREFORE, the Parties, through their undersigned counsel,

18  stipulate to the following and request entry of an Order of the Court thereon:

19  **I.   PART ONE: USE OF PRIVACY PROTECTED/CONFIDENTIAL**

20      **MATERIALS IN DISCOVERY**

21      1.   The Parties may designate as "Confidential Level I" or "Confidential

22  Level II" (by stamping the relevant page or otherwise set forth herein) any document

23  or response to discovery which the Parties consider in good faith to contain

24  information involving privacy-protected information, confidential business

25  information, proprietary information or financial information, subject to protection

26  under Federal Rule of Civil Procedure, Rule 26(c) and other applicable law. Where

27  a document or response consists of more than one page, the first page and each page

28

Selman Breitman LLP
ATTORNEYS AT LAW

2

CV 13-01611 DSF (ARGx)

589954.1 138.32105

1    on which confidential information appears shall be so designated.

2        2.    By indentifying documents and information as "Confidential Level I",

3    the producing party is indicating that although the documents and information

4    constitute "Confidential Information", the producing party concedes that the

5    documents and information may be filed in the Court's public file without sealing or

6    redaction.  By indentifying documents and information as "Confidential Level II",

7    the producing party is contending that the documents and information should only

8    be filed with the Court under seal.

9        3.    The Parties may designate information disclosed during a deposition or

10   in response to written discovery as "Confidential Level I" or "Confidential Level II"

11   by so indicating in said responses or on the record at the deposition.  Whether or not

12   such testimony was designated as confidential during the deposition, all deposition

13   testimony relating to information produced under this Protective Order shall be

14   treated as Confidential Level I during that initial thirty (30) days after the receipt of

15   the deposition transcript.  The parties may designate in writing, within thirty (30)

16   days after receipt of the deposition transcript for which the designation is proposed,

17   that specific pages of the transcript and/or specific responses be treated as

18   "Confidential Level I" or "Confidential Level II."  After any designation made

19   according to the procedure set forth in this paragraph, the designated documents or

20   information shall be treated according to the designation, and counsel for all parties

21   shall be responsible for marking all previously unmarked copies of the designated

22   material in their possession or control with the specified designation.

23       4.    If a Party, through inadvertence, produces any Confidential Information

24   to another Party without labeling or marking or otherwise designating it as such in

25   accordance with this Protective Order, the designating Party may given written

26   notice to the receiving Parties that the document or thing produced is deemed

27   Confidential Information, and that the document or thing produced should be treated

28

3

589954.1 138.32105

Selman Breitman LLP
ATTORNEYS AT LAW

as such in accordance with that designation under this Protective Order. The receiving Parties must treat the materials as Confidential Information subject to this Protective Order, once the designating Party so notifies the receiving Parties. If a receiving Party has disclosed the materials before receiving the designation, the receiving Party must notify the designating Party in writing of each such disclosure. Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced material as Confidential Information.

5.   If any Party produces information which another Party claims is Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the Party claiming the information to be Confidential Information may give written notice to the receiving Parties and the producing Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The receiving Parties and the producing Party must treat the materials as Confidential Information subject to this Protective Order once the Party claiming the information to be confidential so notifies the receiving Parties and the producing Party. If any of the receiving Parties and/or the producing Party have disclosed the materials before receiving the designation, the receiving party or parties must notify the party claiming the information to be confidential in writing of each such disclosure. Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced material as Confidential Information.

6.   All Confidential Information produced or exchanged in the course of this action (not including information that is publicly available) shall be used by the Parties solely in the prosecution of this action. "Prosecution of this action" shall mean preparation for trial of this action, including specifically, but not exclusively, pretrial discovery, mediation, trial and any appeal in this action. The Confidential

Selman Breitman LLP
ATTORNEYS AT LAW

4

CV 13-01611 DSF (ARGx)

589954.1 138.32105

1   Information identified herein shall not be used by the Parties for any other purpose
2   and/or any other action.

3       7.      The Parties shall use any Confidential Information produced or
4   exchanged in the course of this action only pursuant to written permission and Order
5   of the Court and as authorized in this Protective Order.

6       8.      The Confidential Information identified herein, and the contents
7   thereof, shall not be disclosed any person or entity except in accordance with the
8   terms, conditions, and restrictions of this Protective Order.

9       9.      The Confidential Information identified herein, and the contents
10  thereof, shall not be published except in accordance with the terms, conditions, and
11  restrictions of this Protective Order.

12      10.     For the purposes of the Prosecution of this action, and subject to the
13  terms, conditions, and restrictions of this Protective Order, the Confidential
14  Information identified herein may be disclosed only to the following persons and
15  only to the extent such persons have a legitimate need to see the particular
16  Confidential Information disclosed to them:

17      A.      the Parties, their spouses and employees;

18      B.      counsel for the Parties in this action;

19      C.      employees of such counsel assisting in the prosecution of this
20              action;

21      D.      consultants or expert witnesses retained by the Parties for the
22              prosecution of this action, provided that each such person shall
23              execute a copy of the Certification appended to this Protective
24              Order as Exhibit A before being shown or given any Confidential
25              Information;

26      E.      the mediator before whom the parties intend to conduct a
27              mediation; and

28

Selman Breitman LLP
ATTORNEYS AT LAW

5

589954.1 138.32105

F.    the Court, Court personnel, and court reporters.

11.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

12.    Before disclosing any matters identified herein to persons who are required to sign a Certification as provided in Section 10, counsel shall give such person a copy of this Protective Order and shall obtain from such person(s) a signed copy of the Certification appended to this Protective Order as Exhibit A.  Each Party shall maintain a file containing the Certifications that said party obtains pursuant to this paragraph.  The Parties and their counsel shall make all Certifications available for inspection upon written request by any other Party.  However, the parties do not agree to disclose the identity of consultants or experts prior to designation of experts.

13.    In the event that any person or entity who is not a party to this agreement demands Confidential Information from a Party through subpoena, written discovery, deposition testimony, or by any other means, which Confidential Information was produced by another Party pursuant to this agreement, the Party receiving the demand shall immediately notify the Party that produced the Confidential Information of the demand and shall direct the person or entity making the demand to counsel of record in this action of the Party that produced the Confidential Information.

14.    This Protective Order is without prejudice to any Party's right to assert any privileges or objections to the admissibility or use of such Confidential Information, or any other Party's right to contest such assertions, and is without prejudice to any Party's right to advocate the admissibility or use of such Confidential Information in trial or in pre-trial motions.

15.    Nothing in this Protective Order shall reduce or expand the protection

Selman Breitman LLP
ATTORNEYS AT LAW

CV 13-01611 DSF (ARGx)

1    afforded to other information produced in and testimony and other information

2    generated during the course of this action by any other protective order entered.

3        16.    All provisions of this Protective Order restricting the communication or

4    use of Confidential Information shall continue to be binding after conclusion of this

5    action.  Upon conclusion of the litigation, all Parties in possession of Confidential

6    Information, other than that which is contained in pleadings, correspondence, and

7    deposition transcripts, shall, as to tangible and electronic documents and things,

8    either (a) return all such documents to counsel of record in this action for the Party

9    which produced the Confidential Information no later than thirty (30) days after

10   conclusion of this action.  No party shall retain any Confidential Information

11   produced by any other Party, other than that which is contained in pleadings,

12   correspondence, deposition transcripts, law and motion, expert reports, and trial

13   exhibit, in the form of tangible or electronic documents or things beyond thirty (30)

14   days following conclusion of the litigation.

15       17.    Nothing herein shall be deemed to waive any applicable privilege or

16   protections, including privacy, business, trade secret proprietary or work product, or

17   to affect the ability of the Parties to seek relief for an inadvertent disclosure of

18   material protected by privilege, privacy laws, and business, proprietary or work

19   product protection.  Any witness or other person, firm or entity from which

20   discovery is sought may be informed of and may obtain the protection of this

21   protective Order by written advice to the Parties' respective counsel or by oral

22   advice at the time of any deposition or similar proceeding.

23   **II.    PART TWO:  USE OF CONFIDENTIAL MATERIALS IN COURT**

24       1.    In the event any Party disagrees with the designation of any documents

25   or information as "Confidential Level II", that party must in good faith attempt to

26   resolve the disagreement on an informal basis.  If the parties are unable to resolve

27   the disagreement informally after attempting in good faith to do so, the party

28

Selman Breitman LLP
ATTORNEYS AT LAW

7

589954.1  138.32105

1  contending the documents or other information should only be filed under seal may

2  apply for appropriate relief. If the Party that produced the documents or information

3  identified as Confidential Level II fails to seek appropriate relief from the Court

4  within ten (10) business days after receiving written notice from the other Party that

5  the Parties were unable to resolve the dispute informally, the Party that produced the

6  documents or information will be deemed to have waived the argument that said

7  documents or information must be filed under seal, and the Parties shall thereafter

8  be free to file unredacted copies of said documents and information in the public file

9  of the Court.

10        2.     In all matters excluding trial in which any Party submits documents or

11  information deemed "Confidential Level II" under this stipulation, shall be filed in

12  accordance with the "Pilot Program – Procedures For Filing Documents Under Seal"

13  in which the Judge in this matter is participating. (See, Docket Entry No. 19.) The

14  procedures governing the "Pilot Program – Procedures For Filing Documents Under

15  Seal" are attached as Exhibit B.

16        3.     If for any reason this Protective Order is not signed by the Court, it

17  shall still act as a binding contract between the parties.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

8

CV 13-01611 DSF (ARGx)

589954.1  138.32105

4.    This Protective Order may be executed in multiple counterparts, each of which shall be deemed an original.  Facsimile signed copies shall be deemed the equivalent of original signed documents.

IT IS SO STIPULATED AND AGREED.

DATED: ~~January~~ Feb 13, 2014          SELMAN BREITMAN LLP

By: _____
ELDON S. EDSON
LAURA R. RAMOS
Attorneys for Defendant
SENTRY SELECT INSURANCE
COMPANY

DATED: ~~January~~ February 11, 2014          GOSHGARIAN & MARSHALL APC

By: _____
MARK GOSHGARIAN
JOHN A. MARSHALL
MERAK ESKIGIAN
Attorneys for Plaintiff
STEVEN J. BERNS

IT IS SO ORDERED.
DATED: 2/26/2014

_____
Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

CV 13-01611 DSF (ARGx)

589954.1 138.32105

Selman Breitman LLP
ATTORNEYS AT LAW

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIALITY**

I, _____ declare:

1.    I (reside at / am an employee of)

_____, whose business address and telephone

number are _____.

2.    I certify that I have read the Protective Order dated _____ __,

2013, entered in the litigation styled *Steven Berns v. Sentry Select Insurance

Company,* U.S. Distrust Court, Central District of California, Case No. CV: 13-

01611 (the "Protective Order").

3.    I am fully familiar with the contents of the Protective Order and agree

to comply with and be bound by the provisions thereof.

4.    I will not divulge to persons other than those specifically authorized by

the Protective Order, and will not copy or use, except solely for the purposes of this

litigation and only as expressly permitted by the terms of the Protective Order, any

Confidential Documents or information obtained pursuant to the Order.

5.    By signing below, I hereby agree to submit to the jurisdiction of the

U.S. District Court for Central District of California for purposes of resolving any

and all disputes regarding this Confidentiality Declaration and the Protective Order.

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct and that this declaration was executed on

_____ __, 2014, at _____, _____.

_____

Signature

CV 13-01611 DSF (ARGx)

589954.1 138.32105

Selman Breitman LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

589954.1 138.32105

CV 13-01611 DSF (ARGx)

### PILOT PROGRAM
### PROCEDURES FOR FILING DOCUMENTS UNDER SEAL

1.  File an Application to File Documents Under Seal:
    A.  If the Application itself is not to be sealed:
        1.  File the Application electronically as with any other document and follow any applicable Local Rules or provisions of the Court's Standing Order
    B.  If the Application itself is to be sealed:
        1.  Electronically file a Notice of Manual Filing
        2.  Make clear in the Application that you seek to seal the Application itself
        **Please note**: The title of the pleading will be placed on the public docket entry. For example: "Declaration of John Doe, Exhibit A." If approved, the document itself will be sealed and not viewable by the public, but the entry (title) will be viewable.
2.  Send an e-mail to the chambers generic e-mail at DSF_chambers@cacd.uscourts.gov
    A.  The e-mail must contain the following:
        1.  A PDF version of the Application to File Documents Under Seal, any accompanying declarations, and a proof of service
        2.  A Word Perfect or Microsoft Word version of the proposed order granting the Application. The proposed order must contain:
            (i)   The following language for the Court's use if the under seal filing is rejected:
                  __ *Counsel shall publicly file the document(s);*
                  __ *Counsel shall file redacted versions of the documents for public view. The Court will consider the unredacted mandatory paper chambers copy.*
            (ii)  An enumerated list of all documents to be filed under seal
        3.  PDF versions of each document that you seek to seal. Each document must have the words "UNDER SEAL" in the caption. Each PDF must be named descriptively. Gibberish or otherwise non-descriptive PDF filenames may result in your application being rejected.
        4.  A Word Perfect or Microsoft Word version of any proposed order(s) granting the underlying motion(s)
    B.  The subject line of the e-mail must include:
        1.  The case number
        2.  The words "UNDER SEAL REQUEST"
    C.  Any single e-mail must not exceed 10 MB. If you are submitting documents via e-mail that exceed a total of 10 MB, you must split your submission into multiple e-mails
3.  If documents are to be redacted rather than sealed in their entirety, electronically file redacted versions of all sealed documents as if they were normally filed documents – i.e., in accordance with the Local Rules and the Court's Standing Order.
4.  Deliver a blue-backed, tabbed (if appropriate) mandatory paper chambers copy of the documents listed above (together in one envelope) to Judge Fischer's box on the first floor of the Roybal Building by noon the following day.

MANDATORY CHAMBERS COPIES OF REJECTED DOCUMENTS WILL BE
DESTROYED UNLESS COUNSEL CONTACTS THE CLERK WITHIN 5 DAYS TO
RETRIEVE THE DOCUMENTS. ORIGINAL DOCUMENTS (SUCH AS BIRTH
CERTIFICATES, DEEDS OF TRUST, ETC.) SHOULD NOT BE SUBMITTED UNLESS
REQUESTED BY THE COURT.